JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
MARC A. PILOTIN (Cal. Bar. No. 266369)
Pilotin.Marc.A@dol.gov
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone (415) 625-7769
Facsimile  (415) 625-7772
*Attorneys for Thomas E. Perez, Secretary of Labor*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, U.S. Department of Labor, | Case No. 3:16-cv-2293 |
| Plaintiff, | |
| v. | **COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201, *et seq.*)** |
| SENVOY, LLC; DRIVER RESOURCES, LLC; ZOAN MANAGEMENT, INC.; and GERALD E. BRAZIE, JR., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Thomas E. Perez, the Secretary of Labor for the United States Department of Labor, brings this action to secure unpaid wages and damages for Defendants' drivers, who work long hours making deliveries in Washington, Oregon, and Idaho. Although these workers are essential to Defendants' business operations and are not in business for themselves, Defendants treat them as "independent contractors" who are not entitled to the wages and protections the Fair Labor Standards Act ("FLSA") guarantees. Through this misclassification, Defendants shift their costs as employers onto these workers, resulting in their employees improperly bearing the burden of Defendants' share of Social Security and Medicare contributions, workers' compensation insurance, and other payroll taxes and costs that an employer is required to pay under the law. Defendants' actions harm not only their own employees but also law-abiding employers who face unfair competition in the marketplace by Defendants' unlawful activity. The Secretary thus brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at stake.

## PARTIES

1.      Plaintiff Thomas E. Perez is the Secretary of Labor for the United States Department of Labor.

2.      Defendant Senvoy, LLC, is an Oregon limited liability company that was first registered in 1999. It has a principal place of business in Portland, Oregon, placing it within the jurisdiction of the Court. Senvoy is a courier delivery service that was created and is owned by Defendant Gerald E. Brazie, Jr.

3.      Defendant Driver Resources, LLC, is an Oregon limited liability company that was first registered in 2010. It has a principal place of business in Portland, Oregon, placing it within the jurisdiction of the Court. Driver Resources is a purported staffing company that was

created and is owned by Defendant Gerald E. Brazie, Jr. to supply workers to drive for Senvoy and make Senvoy's deliveries.

4.      Defendant ZoAn Management, Inc., is an Oregon corporation that was incorporated in 2008.  It has a principal place of business in Portland, Oregon, placing it within the jurisdiction of the Court.  ZoAn, created and owned by Defendant Gerald E. Brazie, Jr., provides administrative services for Senvoy and Driver Resources, such as processing payrolls, providing human resources support and maintaining records.

5.      Defendant Gerald E. Brazie, Jr., owns and controls Defendants Senvoy, Driver Resources, and ZoAn (collectively, "Defendant Firms").  He regularly transacts business in Portland, Oregon through his ownership and control of Defendant Firms and, on information and belief, he resides within this Judicial District.  For these reasons, among others, the Court has jurisdiction over Mr. Brazie.

6.      At all relevant times, Defendant Brazie has been acting directly or indirectly in the interest of the Defendant Firms in relation to their employees.  He operates and controls the Defendant Firms, established the employment structure designed to misclassify the Senvoy Drivers as independent contractors, establishes and enforces the policies that sets the Drivers' wages, hours and working conditions, including the necessary terms in the "Driver Service Agreement" to which all Senvoy Drivers must agree as a condition of employment, and oversees daily operations.  Mr. Brazie is, therefore, an employer within the meaning of FLSA section 3(d), 29 U.S.C. § 203(d).

## SUBJECT MATTER JURISDICTION AND VENUE

7.      The Court has jurisdiction over this action under section 17 of the FLSA, 29 U.S.C. § 217 (injunction proceedings to restrain violations of section 15 of the Act); by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

8.      Venue lies in the United States District Court for the District of Oregon under 28 U.S.C. § 1391(b) because Defendants reside and/or transact business in Portland, Oregon, within this judicial district, and a substantial part of the acts or omissions giving rise to the claims in this action occurred in this district.

## FACTS COMMON TO ALL CLAIMS

**I.      Defendants Operate as a Single Enterprise Engaged in Commerce and Are Subject to the FLSA.**

9.      In or about 1999, Defendant Brazie founded Defendant Senvoy.  From then through the present, Senvoy has provided delivery services for customers in Oregon, Washington, and Idaho.

10.      In 2010, Mr. Brazie founded Defendant Driver Resources, a purported staffing agency.  Driver Resources provides Senvoy with individuals to make deliveries (hereinafter, "Drivers") for Senvoy's customers.  Senvoy is Driver Resources' sole customer.

11.      In 2008, Mr. Brazie founded Defendant ZoAn.  ZoAn provides administrative services for Senvoy and Driver Resources.  ZoAn's president is Jennifer Kahut, a former Senvoy employee.  Mr. Brazie supervises Ms. Kahut.

12.      Defendant Firms are a unified operation and are under common control.  Indicia of unified operation or common control include, among other things: Mr. Brazie owning and controlling each of the Defendant Firms; Senvoy, Driver Resources, and ZoAn being located in the same building; and Mr. Brazie and an agent of ZoAn holding signature authority on each of the Defendant Firms' bank accounts.

13.      Based on the foregoing, Defendants' activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a

common business purpose, and are and at all relevant times have been an "enterprise" as defined in FLSA section 3(r), 29 U.S.C. § 203(r).

14.     Defendants' enterprise is engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), because (a) Defendants had employees engaged in commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) Defendants had an annual gross volume of sales made or business done of not less than $500,000.

## II.    After Being Recruited by Driver Resources and Signing Agreements with Driver Resources and ZoAn, Drivers Make Deliveries for Senvoy Pursuant to Senvoy's Control and Direction.

15.     Driver Resources has recruited Drivers for Senvoy through advertisements in various services, including Craigslist.

16.     As a condition of employment with Defendants, in order to drive for Senvoy, Drivers must first sign a "Driver Services Agreement" with Driver Resources.  An agent of ZoAn has signed such agreements on Driver Resources' behalf.

17.     As conditions of employment, Drivers must purchase and wear Senvoy-designed uniforms, use Senvoy-approved communication devices, to scan and process packages using Senvoy-identified applications, to apply Senvoy insignia to their vehicles, and to wear and display Senvoy identification.

18.     As a condition of employment, Drivers must agree to various restrictions imposed by Senvoy and Driver Resources, including to use their vehicles exclusively for carrying Senvoy cargo while fulfilling their Senvoy-assigned deliveries and not to compete with Senvoy.

19.    As a condition of employment, Defendants have required that Drivers engage in uncompensated on-the-job training by riding along with an experienced Driver to observe Defendants' procedures.

20.    Drivers have received their delivery assignments from Senvoy through an electronic application that Senvoy administers.  For some Drivers, deliveries have originated at a Senvoy warehouse or other Senvoy-designated location at which the Driver retrieves the item to be delivered.  For other Drivers, upon receiving instructions from Senvoy, items to be delivered are picked up directly from the customer and delivered directly to another location.  Drivers have not had the right to freely decline Senvoy's assignments.

21.    While making deliveries, Senvoy employees, including Senvoy managers, directly instruct and monitor the Drivers.  Senvoy employees directly communicate with Drivers through electronic means, including through an instant messaging system.  Senvoy tracks the Drivers' locations through the electronic application mentioned above.

22.    Drivers have been paid a flat rate per assignment that does not vary based on their hours worked.  Senvoy ultimately determines the pay rates.  On some occasions, Mr. Brazie has determined Drivers' pay rates on Senvoy's behalf.

**III.    Mr. Brazie Willfully Misclassified Previous Employee-Drivers as Independent Contractors.**

23.    Drivers have and presently work under an employment structure that Mr. Brazie designed and has maintained.

24.    In or about 2009 and on Senvoy's behalf, Mr. Brazie entered into a settlement with the State of Oregon concerning taxes owed, agreeing that delivery service drivers Senvoy used were Senvoy employees.  Thereafter, Senvoy purportedly laid off its employee-drivers.  In fact, however, Mr. Brazie established Driver Resources and ZoAn, and Drivers were reemployed

to drive for Senvoy after they agreed to sign a "Driver Service Agreement" with Driver Resources.

**IV.    Defendants Are Co-Employers of the Drivers and Have Willfully Deprived Drivers of Protections under the Fair Labor Standards Act.**

25.    By virtue of the above, Defendants jointly employ the Drivers within the meaning of the FLSA.  Defendants, individually and jointly, serving as agents for one another, controlled the material aspects of the employment relationship with Drivers including, hiring, firing, setting pay rates, setting work schedules, assigning work, and preparing and maintaining pay records.

26.    Drivers have worked in excess of 40 hours per week while working for Defendants.  However, as noted above, they have been paid a flat rate that does not vary with the hours they work.  Drivers have thus not been paid any premium for hours worked in excess of 40 per week.

27.    Defendant Brazie designed and maintained an employment structure involving at least three different entities, with each single entity serving the interests of and/or acting as an agent for the others.  Through this structure, Defendants actively sought to confuse the Drivers and conceal from them the basic facts concerning their status and rights as employees, including the protections guaranteed by the FLSA.

28.    By misclassifying Drivers as independent contractors, Defendants shifted their costs as employers onto them.  The resulting costs—the employer's share of Social Security contributions, workers' compensation insurance, government compliance fees, among others— constitute illegal deductions from Drivers' wages that may result in Drivers earning less than the relevant minimum wage.

29.    Further, by misclassifying the Drivers as independent contractors, and creating and maintaining multiple firms to jointly employ the workers, Defendants interfered with and

impeded the ability of Drivers, and derivatively the Secretary of Labor, to detect the basic circumstances of Drivers' employment, and discouraging, punishing and coercing them from exercising their rights as employees under the FLSA.

30.     The economic realities of the employment relationship between Drivers and Defendants establish that each Defendant is an "employer" within the meaning of FLSA section 3(d), 29 U.S.C. § 203(d), and together served as a team of co-employers.  As such, Defendants are jointly and severally liable for all back wages due to their employees for the relevant time period.

<u>CLAIMS FOR RELIEF</u>

<u>FIRST CLAIM</u>

31.     Defendants have violated and continue to violate sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees at least the federal minimum wage for all hours worked in workweeks when the employees were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.  The rates Drivers were paid, when divided by the actual number of hours worked and with the unlawful deductions made based on Defendants' misclassification of Drivers as independent contractors, are insufficient to satisfy the federal minimum wage rate.

32.     At all relevant times, and at least since three years before the date of this Complaint, Defendants have willfully violated and continue to violate sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2).  Defendants knew or should have known of the FLSA's minimum-wage requirements but nevertheless employed, and continue to employ, workers without properly compensating them.  Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid minimum wage found by the Court

to be due to present and former employees, including the persons named on the attached Exhibit A, as well as any employee whose identity becomes known to the Secretary after the filing of this Complaint.

## SECOND CLAIM

33.     Defendants have violated and continue to violate sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged in commerce, for workweeks longer than 40 hours without compensating the employees for all their employment in excess of 40 hours in such workweeks at rates not less than one and one-half the regular rates at which they were employed.  Specifically, Defendants paid employees flat rates regardless of the number of hours that the employees actually worked and without paying the overtime premium for the hours the employees worked over 40 hours per week.

34.     At all relevant times, and at least since three years before the date of this Complaint, Defendants have willfully violated and continue to violate sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).  Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them.  Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid overtime compensation found by the Court to be due to present and former employees, including the persons named on the attached Exhibit A, as well as any employee whose identity becomes known to the Secretary after the filing of this Complaint.

## THIRD CLAIM

35.     Defendants have violated and continue to violate sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by 29 C.F.R. § 516.  Specifically, Defendants misclassified employees as independent contractors and failed to keep and maintain records of the times of day worked by employees, the hours worked each day, the hours worked each week, the hours over 40 worked in a workweek, total wages paid, and employees' contact information.  Defendants' records do not accurately show the actual hours of day and hours per week any employee worked, nor are there sufficient records to identify the names of all employees who performed work for Defendants during the time period covered by this Complaint.

36.     At all relevant times, and at least since three years before the date of this Complaint, Defendants have willfully violated and continue to violate section 11(c) of the FLSA, 29 U.S.C. § 211(c).  Defendants have created and continue to create and maintain inaccurate and incomplete records of employees' hours worked and wages paid, even after being advised that this conduct violates the FLSA.

## FOURTH CLAIM

37.     Defendants have violated and continue to violate section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by depriving, interfering and impeding the ability of Defendants' employees, and derivatively the Secretary of Labor, to detect the basic circumstances of their employment and of their rights as employees under the FLSA, including the right to notify the Secretary of FLSA violations.

38.    At all relevant times, and at least since three years before the date of this Complaint, Defendants have willfully violated and continue to violate the above-described provisions of the FLSA during the relevant statutory period.

### PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A.    For an order under section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting at Defendants' direction from prospectively violating the provisions of the FLSA sections 6, 7, 11(a) and (c), and 15(a)(3) and (a)(5), 29 U.S.C. §§ 206, 207, 211(a) and (c), and 215(a)(3) and (a)(5);

B.    For an order under section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation found by the Court to be due to Defendants' current and former employees, including the persons listed on the attached Exhibit A, as well as any employee whose identity becomes known to the Secretary after the filing of this Complaint, plus an additional equal amount in liquidated damages;

C.    In the event the Court does not award liquidated damages, for an order restraining Defendants under section 17 of the FLSA, 29 USC § 217, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to be due to Defendants' current and former employees, including the persons listed on the attached Exhibit A, as well as any employees whose identity becomes known to the Secretary after the filing of this Complaint, plus pre-judgment interest computed on the unpaid wages due;

D.    For an order under section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for compensatory damages found by the Court to be due to Defendants'

current and former employees, including the persons listed on the attached Exhibit A as a result of Defendants violating section 15(a)(3) of the Act;

E.    For an order awarding the Secretary the costs of this action; and

F.    For an order providing such further legal and equitable relief as may be deemed appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' actions to confuse their workers as to their status as employees protected by the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, creating and maintaining a web of business entities concealing the conditions of employment and the identities of the employers, and failure to maintain complete, accurate or full records as required by sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5); and

G.    For an order granting such other and further relief as may be necessary or appropriate.


Respectfully submitted,

Date: December 8, 2016        M. PATRICIA SMITH
                              Solicitor of Labor

                              JANET M. HEROLD
                              Regional Solicitor

                              SUSAN SELETSKY
                              Counsel for FLSA

                              *s/ Marc A. Pilotin*
                              MARC A. PILOTIN
                              Trial Attorney

                              *Attorneys for Complainant the Secretary of Labor*

**EXHIBIT A**

1.  ABEBE, ABRAHAM

2.  ABREGO, DIAN

3.  AGUILAR, JORGE

4.  AHL, JOSEPH

5.  ALASO, AWEIYS

6.  ALDRINK, STACEY

7.  ALI, ABDINASIR

8.  ALSTOCK, ROBERT R

9.  ANDREWS, GREG

10. ASFEHA, MESERET

11. AZOUZ, BRAHIM

12. BACALLAO, EDELSA

13. BAGEANT, TERRY

14. BANDA, RUDY

15. BANI MOHAMMAD, BILAL

16. BARNES, RON

17. BELL, NICK

18. BENTLEY, STEPHEN

19. BERG, KYLE

20. BERRY, SEAN

21. BISKUP, OSKAR

22. BLAKE, ANTHONY

23. BLOYED, JESSE

24. BOWN, RAEANNE

25. BOYER, J

26.     BRENNEMAN, HOLLI

27.     BROWN, MICHAEL

28.     BRYAN, MICHAEL JAMES

29.     BULARU, BEN

30.     BURTON, MICHAEL

31.     BUSHMAN, HENRY

32.     CAIN, MICHAEL

33.     CAMACHO, VICTOR

34.     CANFIELD, DANIEL

35.     CAREY, GENE

36.     CAREY, SHAWN

37.     CARMAN, PATRICK

38.     CARNEY, JONNI

39.     CATHCART, SCOTT

40.     CHAN, DAVID

41.     CHANDLER, STEVEN

42.     CHANDRA, ROMIL

43.     CHAVEZ GARCIA, JOSE

44.     CHURCHILL, TIMOTHY

45.     CLEMENTS, DAVID

46.     COBB, JOHNATHAN

47.     CONKEY, MICHAEL

48.     CONNER, WILLIAM

49.     CONTRERAS, ROGER

50.     COOK, PETER

51.     COSTLEY, CARL

52.     CRAWFORD, ANGELA M

53.   DABSON, EMMANUAL

54.   DAHL, WOODROW LOUIS

55.   DAVIS, ROBERT

56.   DAVISON, ADAM

57.   DAWSON, DAN

58.   DEROW, MUSTAFA ISAK

59.   DIARRA, ABDOULAYE

60.   DONIHEE, VINCE

61.   DONNELY, DAVE

62.   DORSEY, SCOTT

63.   DOWNS, GARY

64.   EISENBERG, SKIP

65.   ELLISON, JAMES

66.   EMPIE, RICHARD

67.   EPSTEIN, DAVID

68.   FEDERER, TATYANA

69.   FELISARIO, JASON

70.   FENWICK, TREVOR

71.   FERREIRA, GARY

72.   FISHER, JOSH

73.   FLAGEL, ROBERT

74.   FLOYD, BILLY

75.   FRATTO, CORY

76.   FRIDAY, WILLIAM

77.   GELETO, ROBA

78.   GERSHENSON, EITAN

79.   GIANNONE, GLENN

80.    GODDARD, RICHARD

81.    GOLUB, ANDREY

82.    GOMEZ, CESAR

83.    GONCEAR, JULIAN

84.    GORDO VAZQUEZ, JAMIE

85.    GORDON, KENNETH

86.    GRACE, WALTER

87.    GROVE, GARRETT

88.    GUEVARA, JOSE

89.    GUSTAFSON, NICHOLAS

90.    GUTIERREZ, DANIEL

91.    GUTIERREZ, JESUS

92.    HAKIMI, MOHAMMAD

93.    HASANZADA, FAWAD

94.    HATNELL, GREGORY M

95.    HEINZ, TODD

96.    HENDRICKS, JONATHAN

97.    HILOWLE, BILAL

98.    HOWARD, TERRY

99.    HUDSON, MICHAEL

100.   HUSSEIN, MOHAMMED

101.   IBNELHAJ, ANASS

102.   ISRAELYOUSEF, SHALOM

103.   JACKSON, MICHAEL

104.   JIM, RODNEY

105.   JOHNSON, ERIK

106.   JOHNSON, JUSTICE

107.    JOHSTON, JEFF

108.    JONES, ROBERT

109.    KANG, ALEXIS

110.    KASSAI, MIKE

111.    KELLER, TIM

112.    KESSLER, BARRY

113.    KEYMOLEN JR, STEVE P

114.    KNIPE, KEVIN

115.    KOLAR, TOMMY

116.    KRAUSE, JOHN

117.    KRIBS, JAMES

118.    KUMAR, MANOJ

119.    KUSHTAN, VASILIY

120.    LAL, KHISNEEL

121.    LECLAIR, ROBERT

122.    LEE ROSKE, RG

123.    LOBERG, NICHOLAS

124.    LOVERIDGE, MARY LINDA

125.    LUX, DEVIN

126.    MACKALL, DANNY

127.    MACKEY, JAMES

128.    MAGALLANES, PERCY

129.    MAKSMENKO, IGOR

130.    MATHENY, DARIN EDWARD

131.    MAXWELL, BENJAMIN

132.    MCAYNE, GREGG

133.    MCCUNE, TERN

134.    MCDONALD, ANNA

135.    MCKINNEY, AUTUMN

136.    MCQUOWN, MATT

137.    MEDINA, BENJAMIN

138.    MENDOZA, JORGE

139.    MILLAR, JOHN

140.    MILLER, ANTHONY

141.    MILLER, JACOB

142.    MILLER, KEITH

143.    MILLER, RICHARD

144.    MINNIEWEATHER, DWIGHT

145.    MIROSHNYK, YAKIV

146.    MOFOKENG, LLEWELLYN

147.    MOHAMED, MOHAMMED

148.    MONTGOMERY, JORDAN

149.    MONTGOMERY, TROY CURTIS

150.    MORRISON, RONALD

151.    MUDAY, HASSAN DUAD

152.    MULLANEY, DAVE

153.    MULLEN, IRA TOBEY

154.    NGO, PHONG

155.    NGUYEN, KHOI

156.    NIKOLOV, NIKOLAY

157.    OCONNELL, EARL

158.    OFODRINWA, EUGENE

159.    OLLOM, DINA

160.    ONUFREYCHUK, ANDREY

161.    OSHISH, ADRESS

162.    PADARATH, STASTIKA

163.    PADILLA, SHARON

164.    PARKS, CHRISTOPHER

165.    PEREIRA DOS SANTOS, WILLIAM

166.    PERRYMAN, YANNICK

167.    PETERSON, EVAN

168.    PHAM, STEPHEN

169.    PHELPS, ALAN

170.    PHOMMAHASAY, SAM

171.    PILON, MICA

172.    PINEDA, SALVADOR

173.    PIPER, MARTHA

174.    PORTIER-BOGGS, ERIK K

175.    POTTS, ARTHUR M

176.    PRINCE, RANDOLPH

177.    QASSIM, MOHAMEDWALI

178.    QUESADA, DANIEL

179.    QUIROZ, MANUEL

180.    RAGNONE, ERIC

181.    RDGELL, RODNEY

182.    RHODES, BORIS

183.    RICH, TIMOTHY

184.    RIZO, BILLY

185.    ROBBINS, DOUGLAS

186.    ROBERTSON, DARYL

187.    ROBERTSON, JACOB

188.    ROBINSON, JOHN

189.    ROBINSON, PATRICK

190.    ROCHE, SANDRA

191.    RODRIGUEZ, ANGEL

192.    ROQUE, MICHAEL ALLEN

193.    ROQUE, MICHAEL

194.    ROSALES AZAHARES, ALEX

195.    ROSSMEISL, JOEL

196.    RUSH, PARKER

197.    RYKER SR, DOUGLAS DUANE

198.    SANDOVAL, JOE

199.    SAYID, SALAH

200.    SCHINDLER, JOSEPH

201.    SCOTT JR, LONNIE

202.    SEMORE, LARRY

203.    SHANKAR, KARIN

204.    SHARMA, ARUNEIL

205.    SHCOEN, AUSTIN

206.    SIPE, TIMOTHY

207.    SMITH, KURT

208.    SMITH, RAGUEL

209.    SNEGUR, ALEX

210.    STARKS, MICHAEL

211.    STEWART, LAKIESHA

212.    STICKNEY, DARYL

213.    STREETER, MIKE

214.    STRUBLE, SCOTT A

215.    SUTTON, JEREME

216.    SWANK, FRED

217.    SWIFT, CHARLES

218.    THOMAS, ERIC

219.    THOMPSON, JANIS

220.    TINDALL, MICHAEL

221.    TO, JOHN

222.    TOOLE, ERIC L

223.    TOVEY, SHARON MAE

224.    TRUMP, TERRY

225.    TUSSE, DURESSA

226.    UTERA, THOMAS

227.    VAZQUEZ, CARLOS

228.    VLASENKO, RUSLAN

229.    WAHL, HUGHES E

230.    WALIEZER, JORDAN

231.    WALZ, JOHN

232.    WARNER, NORMAN

233.    WASH, GERALD

234.    WATSON, ROBERT

235.    WEATHERLY, WILLIAM A

236.    WESTHEIMER, KIMBERLI

237.    WHITLATCH, ANTHONY

238.    WILHELM, LINDA

239.    WINTERS, DANIEL

240.    WRIGHT, JEFF

241.    YAVNIY, REUBEN

242.    YERYMESKU, ANDRUS

243.    ZODROW, MATT

244.    ZUMPFT, CHARLES