JANET M. HEROLD
Regional Solicitor
MARC A. PILOTIN (Cal. Bar. No. 266369)
Counsel for Wage & Hour Litigation
ROSE DARLING (Cal. Bar. No. 243893)
Senior Trial Attorney
Pilotin.Marc.A@dol.gov
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-7769
Facsimile: (415) 625-7772
*Attorneys for R. Alexander Acosta, Secretary of Labor*

CHARLES J. PATERNOSTER, OSB No. 024186
cpaternoster@pfglaw.com
PARSONS FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, OR 97205
Telephone: (503) 222-1812
Facsimile: (503) 274-7979
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, U.S. Department of Labor,<br><br>                             Plaintiff,<br>          v.<br><br>SENVOY, LLC; DRIVER RESOURCES, LLC; ZOAN MANAGEMENT, INC.; and GERALD E. BRAZIE, JR.,<br><br>                             Defendants. | Case No. 3:16-cv-2293-JR<br><br><br>**CONSENT JUDGMENT AND ORDER** |

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants Senvoy, LLC; Driver Resources, LLC; ZoAn Management, Inc.; and Gerald E. Brazie, Jr., individually and as managing agent for Senvoy, Driver Resources and ZoAn Management, have agreed to resolve the matters in controversy in this civil action, and consent to entry of this judgment ("Consent Judgment" or "Judgment") in accordance herewith.

## I.    STATEMENTS BY THE PARTIES

1.    On December 8, 2016, the Secretary filed a Complaint in this Court alleging that Defendants violated provisions of Sections 6, 7, 11(c) and 15(a)(2), (3) and (5) of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), (3) and (5).

2.    Defendants acknowledge receipt of a copy of the Secretary's Complaint.

3.    Defendants agree herein to resolve all allegations of the Secretary's Complaint.

4.    Defendants admit that this Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the District of Oregon.

5.    Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

6.    Defendants acknowledge that Defendants and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

7.    Defendants admit that they have been or have operated a unified business operation under common control to provide delivery services for customers in Oregon, Washington, and Idaho, and that, as such, Defendants are or have operated an "enterprise" within the meaning of FLSA Section 3(r), 29 U.S.C. § 203(r).

8.      Defendants admit that this enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

## II.      FINDINGS OF FACT AND CONCLUSIONS OF LAW

9.      On December 8, 2016, the Secretary filed a Complaint in this Court alleging that Defendants violated provisions of Sections 6, 7, 11(c) and 15(a)(2), (3) and (5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), (3) and (5).

10.     Defendants have received a copy of the Secretary's Complaint.

11.     Defendants have withdrawn their defenses to the Secretary's Complaint.

12.     This Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the District of Oregon.

13.     Defendants and the Secretary have agreed to the entry of this Consent Judgment without contest and to resolve the Secretary's claims.

14.     Defendants and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

15.     Defendants have operated a unified business operation under common control to provide delivery services for customers in Oregon, Washington and Idaho, and that, as such, Defendants are or have operated an "enterprise" within the meaning of FLSA Section 3(r), 29 U.S.C. § 203(r).

16.     This enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

## III.     JUDGMENT

Therefore, upon the agreement of the parties to this action,

A.    **Injunctive Relief**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, Defendants Senvoy, Driver Resources, ZoAn Management, and Gerald E. Brazie, Jr., their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the provisions of the FLSA, including through any of the following manners:

1.    Defendants shall not, contrary to the FLSA, fail to classify any individual who provides delivery services for Defendants or Defendants' customers ("Drivers") as non-exempt employees who shall enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act.

2.    Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their Drivers or other employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the applicable minimum wage (currently $12.75 per hour for all Drivers who work within Portland; $10.00 per hour in for all Drivers who work within Baker, Coos, Crook, Curry, Douglas, Gilliam, Grant, Harney, Jefferson, Klamath, Lake, Malheur, Morrow, Sherman, Umatilla, Union, Wallowa, and Wheeler Counties; and $10.75 per hour for all Drivers elsewhere employed in the State of Oregon).

3.    Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, pay any of their Drivers or other employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and a half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek.

4.     Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve records of  their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each Driver, the hours worked each day and each workweek, the Driver's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the Drivers' earnings along with a description of the basis/reason and method of calculation of the deduction.

5.     Defendants shall not, contrary to Section 15(a)(3) of the FLSA discharge, threaten to discharge, lay off, reduce the work schedule or wages, intimidate, or in any other manner discriminate against any employee as a result of this litigation or because the employee has filed any complaint under or related to the FLSA or has spoken or provided information to the Secretary's representatives in connection with this litigation or participated in or received a distribution from the proceeds of this action.

6.     Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any Driver to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, or the FLSA.

7.     Defendants Senvoy, Driver Resources, and ZoAn Management, jointly and severally, shall not withhold payment of $1,543,550, which constitutes back wages owed to Drivers.  In the event of the violation of this Paragraph by Defendants Senvoy, Driver Resources, and ZoAn Management, this Paragraph shall become effective against Defendant Gerald E.

Brazie, Jr., enjoining him from withholding the same amount due. Based on the foregoing, Defendants consent to the Secretary filing an amended Consent Judgment reflecting this prohibition in the event of such a violation.

**B.    Monetary Provisions**

**FURTHER, PURSUANT TO THE PARTIES' AGREEMENT, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) and (e) of the FLSA, 29 U.S.C. § 216(c) and (e), in favor of the Secretary as a judgment owed to the United States of America and against Defendants Senvoy, Driver Resources, and ZoAn Management, jointly and severally, in the amount of $3,200,000 (three million two hundred thousand dollars), which consists of $1,543,550 owed to Drivers as unpaid wages, $1,543,550 owed to Drivers as liquidated damages, and $112,900 owed to the Secretary as civil money penalties. In the event that any of these entities default on any of the provisions below, all obligations in this Section shall become effective against Defendant Gerald E. Brazie, Jr., rendering him jointly and severally liable for all amounts due and owing under this Section and subject to all provisions of this Section. Based on the foregoing, Defendants consent to the Secretary filing an amended Consent Judgment reflecting Defendant Brazie's obligations in the event of such default.

8.    Defendants desire to satisfy their $3,200,000 monetary obligation provided above under a payment plan.  That payment plan is as follows:

a.    Within 60 (sixty) days of the date of the entry of this Consent Judgment, Defendants shall pay at least $250,000 of the amount Defendants owe under this Consent Judgment.  This amount shall be applied toward the amount due under this Consent Judgment as liquidated damages due to Drivers.  These funds shall be distributed as provided in paragraph 10 below.

b.      Within one (1) year of the date of the entry of this Consent Judgment, Defendants shall pay the remaining balance of the amount due under this Consent Judgment as back wages and liquidated damages due to Drivers.  These funds shall be distributed as provided in paragraph 10 below.

c.      Within one (1) year of the date of the entry of this Consent Judgment, Defendants shall deliver in person to the Wage and Hour Division, United States Department of Labor, Attn: Thomas Silva, 620 SW Main Street #423, Portland, OR 97205 a certified or cashier's check for civil money penalties in the amount of $112,900. The check shall have "Senvoy - CMPs" written on it, payable to the order of the "Wage and Hour Div., Labor."

9.      The names of Drivers presently known to the Secretary who are due back wages under this Judgment are listed on Exhibit 1. However, the identity of all Drivers who worked for Defendants as independent contractors ("IC Drivers") from December 8, 2013 through the date of the entry of this Consent Judgment ("Back Wage Accrual Period") is presently unknown to the Secretary. In addition, the full employment period for such IC Drivers is presently unknown to the Secretary.

a.      To permit the Secretary to determine the identities, periods of employment, and back wages owed for the relevant Drivers, Defendants shall provide the Secretary, within twenty-one (21) days of the date of entry of this Consent Judgment, the following information for each of Defendants' IC Drivers: first name, middle name, last name, home address (street address, city, state, zip code), hire date, and termination date (where applicable), routes worked, deliveries made, and monies earned. Defendants shall provide this information to the Secretary in the same formats

-6-

provided in the Excel spreadsheets previously provided to the Secretary, including but not limited to DR-DOL 055866 (delivery data), SENVOY-DOL 001392 (checks issued to Drivers), and SENVOY-DOL001393 (Drivers' contact information, routes driven, and route list). If the Secretary requests additional information for the purposes of identifying the employees owed back wages under this Consent Judgment, the amounts owed, and the applicable periods, Defendants shall timely cooperate with these requests.

b.      Within fourteen (14) days of the date Defendants produce the data provided in subparagraph (a) above, the Secretary will file an Amended Exhibit 1 identifying the full set of IC Drivers recovering under this Consent Judgment and the gross amount of back wages and liquidated damages due to those IC Drivers. The Amended Exhibit 1 shall include the names of IC Drivers who worked for Defendants, their period of employment, the gross amount of back wages due, and the gross amount of liquidated damages due to each employee.

c.      Within fourteen (14) days of the filing of Amended Exhibit 1, Defendants shall file a schedule showing the net back wages due to the IC Drivers listed on Amended Exhibit 1. The schedule shall identify the IC Driver's name, period of employment, amount of gross back wages (as listed in Amended Exhibit 1), amount of legal deductions and withholdings from back wages as required under federal and Oregon law (that Defendants shall pay directly to the appropriate federal and state agencies, when due), and the resulting net back wage amount for each employee listed in Amended Exhibit 1.

10.    The monies Defendants pay under this Consent Judgment shall be distributed to the IC Drivers in the following manner:

a.    IC Drivers shall be paid their pro rata share of the payments Defendants make under the payment plan provided in Paragraphs 8.a and 8.b above.

b.    Within seven days of the date Defendants file the schedule provided under Paragraph 9.c above, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Thomas Silva, 620 SW Main Street #423, Portland, OR 97205 a **separate** check for **each** IC Driver identified in Amended Exhibit 1, each of which shall be made payable to the order of the particular person and the Wage & Hour Division, U.S. Department of Labor, as **alternative** payees (for example: "Pay to the order of ---((Name)) **or** the Wage & Hour Div., Labor"), and each of which shall be in the amount of the pro rata share of liquidated damages due to the IC Driver as identified in Amended Exhibit 1. The memo line of each check shall state: "Senvoy – LDs."

c.    Within seven days of the date of Defendants' final payment under Paragraphs 8.b and 8.c above, Defendants shall deliver a **separate** check for **each** IC Driver as provided under subparagraph (b) above, reflecting each IC Driver's remaining amount of liquidated damages owed.  Concurrently, Defendants shall also deliver to the Wage and Hour Division, United States Department of Labor, Attn: Thomas Silva, 620 SW Main Street #423, Portland, OR 97205 a **separate** payroll check for **each** IC Driver identified in Amended Exhibit 1, each of which shall be made payable to the order of the particular person and the Wage & Hour Division, U.S. Department of Labor, as **alternative** payees (for example: "Pay to the order of --

-((Name)) **or** the Wage & Hour Div., Labor"), and each of which shall be in the amount of the net back wages due to the employee as identified in the schedule described in Paragraph 9.c above. The memo line of each check shall state: "Senvoy – BWs."

      d.      Upon receipt of the checks detailed in Paragraphs 10.b and 10.c above, the Secretary shall distribute payments to the persons named in Amended Exhibit 1, or to their estates if necessary, in his sole discretion, and any money not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

11.     In the event of default in timely making the payments, the Secretary may move this Court for enforcement of this Judgment. Post-judgment interest shall accrue on the monetary portion of this Judgment in accordance with 28 U.S.C. § 1961.

### C.    Miscellaneous Provisions

12.     Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall provide each of their employees with a copy of the "Notice of Rights," attached as Exhibit 2, which summarizes the terms of this Consent Judgment and provides guidance from the U.S. Department of Labor regarding the rights of employees, including protection from retaliation, under the FLSA.  Thereafter, Defendants shall provide a copy of Exhibit 2 to all newly-hired employees before or by the dates said employee begins performing work for Defendants.

13.     Within fourteen (14) calendar days of the date that Defendants sign this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the

minimum wage and overtime provisions of the FLSA, in prominent locations at all of their

current and future facilities.  Copies of said posters are available for download at

https://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

14.     Within six (6) months of the date that Defendants sign this Consent Judgment, the

Wage and Hour Division ("WHD") may conduct a training session for all employees, which

shall be compensable time for which Defendants' employees shall receive pay.  Defendants shall

permit WHD representatives to conduct such a training session.  Topics to be covered by WHD

during such training may include, but are not limited to: minimum wage and recordkeeping

provisions of the FLSA; specific considerations relating to drivers in the delivery industry; and

anti-retaliation provisions of the FLSA.  This training may, at the discretion of the WHD

representatives, be followed by a confidential question and answer session between such

representatives and Defendants' employees, during which time Defendants' non-Driver

employees shall not be present.

15.     Within thirty (30) calendar days of the date that Defendants sign this Consent

Judgment, Defendants shall implement a recordkeeping, retention and inspection program as

detailed below:

a.     All employees of the Defendants shall record their work time in an

accurate and timely manner through the use of a time clock, handwritten time records, or

by other means ("Time Records").

b.     For each work week, Defendants shall sum each employee's Time

Records to identify the time worked each day and each workweek per individual.  Each

pay period, Defendants shall prepare a statement of hours worked by each individual for

each day, week and pay period ("Work Hours Summary").  Defendants shall have each

individual review his or her Work Hours Summary, write in corrections if necessary, and sign the Work Hours Summary.  Each Work Hours Summary shall contain the following statement, in bold:

**"Your Employer must pay for all hours worked, and must pay you at a rate of one and one-half times your normal hourly rate for all hours over 40 hours that you work in one week.  If you think your Employer has not paid you for all hours you worked, or has not paid you at the correct rate, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE."**

      c.    Immediately upon issuance and for two (2) years thereafter, Defendants shall maintain copies of all Work Hour Summaries for inspection at any time by the U.S. Department of Labor and by any of Defendants' employees.

16.    Within six (6) months of the date that Defendants sign this Consent Judgment, Defendants shall obtain an audit of their compliance with the FLSA and regulations issued thereunder, to be conducted by a third-party monitor, who shall be a former Federal Judge with JAMS hired at Defendants' expense.  The third-party monitor will prepare a written report that summarizes the steps taken to complete the audit and the findings of the audit concerning Defendants' compliance with the FLSA.  Defendants shall provide a copy of the written report to the Wage and Hour Division, United States Department of Labor, 620 SW Main Street, Room 423, Portland, OR 97205.

17.    Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to Defendants' facilities, employees, and payroll and time records.

a.    If the third-party monitor finds violations of the FLSA, or regulations issued thereunder, that result in back wages due, Defendants shall pay the wages as promptly as possible, but no later than thirty (30) days thereafter.

b.    If the third-party monitor directs changes in Defendants' policies or procedures, or directs Defendants to take action to comply with the FLSA or regulations issued thereunder, Defendants shall do so.

c.    The third-party monitor shall investigate incidents or allegations or complaints of retaliation and may report them to Defendants. If not resolved in a satisfactory manner, the monitor shall report any such incidents, allegations or complaints to the U.S. Department of Labor.

d.    The third-party monitor shall have the duty to conduct off-site interviews with Defendants' employees; such interviews and other communications between employees and the third-party monitor may, at the option of the employee, be kept confidential, except as to authorized representatives of the U.S. Department of Labor. Copies of all notes and interviews conducted by the monitor may be turned over to Wage and Hour, along with the audit report, if requested by Wage and Hour.

e.    Discrimination or retaliation by Defendants against any employee for cooperating with the third-party monitor is prohibited to the full extent of the law, as provided in 29 U.S.C. § 215(a)(3).

18.    The resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to back wage recovery by any employee not named on the Amended Exhibit 1, or by any employee named on Amended Exhibit 1 for any period not specified therein.

19.    Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by the party in connection with any stage of this proceeding.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for the purposes of enforcing compliance with the terms of this Consent Judgment for five years.

**IT IS SO ORDERED.**

Date: _____ of October, 2018

The Hon. Marco A. Hernández
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

Date: October 2, 2018

MARC A. PILOTIN
Counsel for Wage & Hour Litigation

ROSE DARLING
Senior Trial Attorney
*Attorneys for the Secretary of Labor*

Date: 10/02, 2018

CHARLES J. PATERNOSTER
*Attorney for Defendants*

Date: 10/02, 2018

SENVOY, LLC
*By: Gerald E. Brazie, Jr., Manager and Member*

Date: 10/02, 2018

DRIVER RESOURCES, LLC
*By: Jennifer Kahut, Manager*

-13-

Date: __10/02__ , 2018

ZOAN MANAGEMENT, INC.
By: *Jennifer Kahut, President*

Date: __10/02__ , 2018

GERALD E. BRAZIE, JR., *individually*

# EXHIBIT A

1. Abad, Carlos
2. Abdi, Abdikair
3. Abebe, Abraham
4. Abrego, Dylan
5. Aguilar, Jorge
6. Ahi, Joseph
7. Aldrink, Stacey
8. Ali, Abdinasir
9. Altstock, Robert R
10. Andrews, Greg
11. Andrews, Cameron
12. Asfega, Meseret
13. Azouz, Brahim
14. Bacallao, Edelsa
15. Bageant, Terry
16. Bagley, Justin
17. Banda, Rudy
18. Bell, Nick
19. Benjamin, Phillips
20. Berg, Kyle
21. Berry, Sean
22. Biskup, Oskar
23. Blake, Anthony
24. Boyer, J Rowen
25. Brenneman, Holli
26. Brown, Michael
27. Bryan, Michael James
28. Bularu, Veniamin
29. Bunn, Sameuel
30. Burton, Michael
31. Bushman, Henry
32. Cain, Michael
33. Cameron,
34. Carey, Gene
35. Carman, Patrick
36. Carney, Jonni
37. Cathcart, Scott
38. Cave, Nicholas
39. Caviglione, Sam
40. Chan, David A
41. Chandler, Steve
42. Chandra, Romil
43. Churchill, Time
44. Clements, David
45. Coat, Scott
46. Coats, James

47. Cobb, Jonathan
48. Conkey, Michael
49. Conner, William
50. Cook, Peter
51. Costley, Carl
52. Cote, Jim
53. Crawford, Angela
54. Culpepper, Bob
55. Dahl, Woodrow
56. Dailey, Doug
57. Davidson, Adam
58. Davis, Robert
59. Dawson, Dan
60. Derow, Mustafa Isak
61. Diarra, Abdoulaye
62. Direct, Velocity
63. Discounts, Hill
64. Dobak, Terry
65. Dobson, Emmanuel
66. Donihee, Vince
67. Donnelly, David
68. Dorsey, Scott
69. Dos Santos, William
70. Downs, Gary
71. Eisenberg, Skip
72. Ellison, James
73. Empire, Richard
74. Epstein, David
75. Express, Torbellino
76. Felisario, Jason
77. Ferreria, Gary
78. Fisher, Josh
79. Flagel, Robert
80. Fratto, Cory
81. Friday, William
82. Garnes, Jonathan
83. Geleto, Roba
84. Giannone, Glenn
85. Glass, Erik
86. Goddard, Richard
87. Gomez, Cesar
88. Goncear, Iulian
89. Gongora, Alex
90. Gordon, Ken
91. Goshenson, Eitan
92. Grace, Walter

93. Grove, Garrett
94. Guevara, Jose
95. Gustafen, Nicholas
96. Gutierrez, Jesus
97. Hadad, Majid
98. Hahn, Michael
99. Hakimi, Mohammad
100.       Hartnell, Gregory
101.       Heinz, Todd
102.       Hendricks, Johnathan
103.       Hilowle, Bilal
104.       Howard, Terry
105.       Hudson, Michael
106.       Hussein, Mohammed
107.       Ibnelhas, Anass
108.       Ismail, Mohamod
109.       Jackson, Michael
110.       James, Michael
111.       Jim, Rodney
112.       Johnston, Jef
113.       Jones, Robert
114.       Jones, Kenneth
115.       Kang, Alexis
116.       Kassai, Mike
117.       Keller, Tim
118.       Keymolen, Steve
119.       Knipe, Kevin
120.       Kolar, Traian
121.       Krause, John
122.       Kribs, James
123.       Kumar, Manoj
124.       Kushtan, Vasiliy
125.       Lal, Krisheel
126.       Lampman, Deena
127.       Landrum, William
128.       Leberg, Nicholas
129.       LeClair, Robert
130.       Lodahl, Jonathan
131.       Loveridge, Mary Linda
132.       Mackall, Danny
133.       Mackey, Vim
134.       Magallanes, Percy
135.       Maksimenko, Igor
136.       Matheny, Darin Edward
137.       Maxwell, Ben
138.       Mcayne, Gregg

139.    McCune, Timothy
140.    McDonald, Anna
141.    Medina Prado, Benjamin
142.    Mendoza, Jorge
143.    Mercier, Jeffery
144.    Mercier, Jeffrey
145.    Merrieweather, Dwight
146.    Miller, BD
147.    Miller, Keith
148.    Miller, John K
149.    Miller, Jacob
150.    Miller, Anthony
151.    Mofokeng, Llewellyn
152.    Mohamed, Mohammed
153.    Mohammad, Bilal Bani
154.    Montgomery, Ricci Jordan
155.    Montgomery, Troy
156.    Morningstar, Allen
157.    Morrison, Ronald
158.    Mudey, Hassan Daud
159.    Mullaney, Dave
160.    Mullen, Ira
161.    Ngo, Phong
162.    Nguyen, Khoi
163.    Nikolov, Nikoray
164.    Oconnell, Earl
165.    Ofodrinwa, Eugene
166.    Olin-Sipe, Timothy
167.    Ollom, Dina
168.    Onufreychuk, Andrey
169.    Padilla, Sharon
170.    Padrath, Swastika
171.    Pak Delivery, Star
172.    Palmer, John
173.    Pedersen, Gerri
174.    Perryman, Yannick
175.    Peterson, Evan
176.    Pham, Stephen
177.    Phelps, Alan
178.    Phommahasay, Somsak
179.    Pilon, Mica
180.    Pineda, Salvador
181.    Pineda, David
182.    Piper, Martha
183.    Piper, Oshay
184.    Portier-Boggs, Erik K.

185.     Potts, Arthur
186.     Powell, Tristan
187.     Prakash, Felix
188.     Prince, Randolph
189.     Qassim, Mohamedwali
190.     Quesada, Daniel
191.     Quiroz, Manuel
192.     Ragnone, Eric
193.     Ray, Nilesh
194.     Rhodes, Boris
195.     Rich, Timothy
196.     Rizo, Luis
197.     Robbins, Douglas
198.     Robertson, Daryl
199.     Robertson, Jacob
200.     Robinson, John
201.     Roche, Sandra
202.     Rodriguez, Angel
203.     Rogers, Demetrius
204.     Roque, Michael
205.     Roque, Michael Allen
206.     Rosales, Eliazar
207.     Roske, RG Lee
208.     Rush, Parker
209.     Ryker, Douglas Duane
210.     Sandoval, Joe
211.     Sarhma, Aruneil
212.     Sayid, Salah
213.     Schindler, Joseph
214.     Schoen, Austin
215.     Scott, Lonnie
216.     Shankar, Karin
217.     Singh, Ranjit
218.     Singh, Ravin
219.     Slade, Jonathan
220.     Smith, Raguel
221.     Smith, Kurt
222.     Starks, Michael
223.     Stickney, Daryl
224.     Streeter, Mike
225.     Struble, Scott
226.     Sutton, Jeremy
227.     Swank, Fred
228.     Swift, Charles
229.     Thomas, Eric
230.     Thompson, Janice

231.    Tibebu, Eyob
232.    Tibebu, Robert
233.    Tindell, Michael
234.    To, John
235.    Toole, Eric
236.    Tovey, Sharon
237.    Trump, Terry
238.    Tusse, Duressa
239.    Vasquez, Carlos
240.    Vining, David
241.    Vlasenko, Ruslan
242.    Waliezer, Jordan
243.    Walsh, Gerald
244.    Walz, John
245.    Wardonsky, Scott
246.    Warner, Norman
247.    Watson, Robert B
248.    Weatherly, Will
249.    Westheimer, Kim
250.    Westheimer, Kimberli
251.    Whitlatch, Anthony
252.    Wilhelm, Linda
253.    Williams, Karen
254.    Wright, Jeff
255.    Yerymesku, Andrus
256.    Zedrow, Matt
257.    Zumpft, Charles

# EXHIBIT B

# NOTICE OF RIGHTS
# TO CURRENT AND FORMER DRIVERS OF SENVOY, LLC; DRIVER RESOURCES, LLC; AND ZOAN MANAGEMENT, INC.

Under federal law, you have the right to:

- Be paid at least the minimum wage for all hours you work;

- Be paid for overtime at a rate of one and one-half of your regular rate for all hours you work over 40 in a workweek;

- Receive your pay free and clear of any costs you paid for your employer's benefit, such as for tools and supplies your employer required you to use to do your job;

- Have your employer keep accurate records of the hours you work; and

- Not be retaliated against or intimidated for (1) participating in an investigation by the United States Department of Labor, or (2) exercising your rights under federal law.  This means your employer cannot do or threaten to do any of the following because you spoke with the Department of Labor, complained about your pay or work, or asserted your legal rights: fire you; refuse to pay you for all hours you worked; or ask you to return all or a portion of amounts paid to you as a result of a lawsuit for back wages.

You are receiving this notice as part of a settlement between the U.S. Department of Labor and your employers Senvoy, LLC; Driver Resources, LLC; and ZoAn Management, Inc.; and your employers' owner Gerald E. Brazie, Jr. Under that settlement, Senvoy, Driver Resources, ZoAn, and Mr. Brazie have agreed to pay a total of $3.2 million to resolve a lawsuit brought by the Department of Labor.

## Please contact the U.S. Department of Labor if you have any questions about your rights under federal law.

## DOL – Wage and Hour Division
## 620 SW Main Street, Room 423
## (503) 326-3057