IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTIN J. WALSH,                                              No. 3:16-cv-02293-HZ
   Secretary of Labor,
   United States Department of Labor,                 CONTEMPT ORDER

               Plaintiff,

    v.

SENVOY, LLC; DRIVER RESOURCES,
LLC; ZOAN MANAGEMENT, INC.; and
GERALD E. BRAZIE, JR.,

               Defendants.

HERNÁNDEZ, District Judge:

On August 25, 2021, Defendants stipulated to the finding of contempt. This Court accepted their admission and found Defendants in contempt. On that date, this Court ordered Defendant Gerald E. Brazie, Jr. to submit to a debtor's examination, produce all financial documents of Defendants and the companies he owned within 30 days, and continue the contempt hearing to November 9, 2021.

1 – ORDER

Defendants subsequently produced documents from September 24, 2021, to November 3, 2021, and Defendant Brazie submitted to a debtor's examination on October 14, 2021. On November 4, 2021, Plaintiff filed a Notice detailing issues with Defendants' document production and Defendant Brazie's statements during the debtor's examination and identifying the contempt relief requested. ECF 81. This Notice included the transcript of the examination and financial documents as exhibits. Defendants filed a response to this Notice on November 8, 2021, in which they included their counter proposal for contempt relief. ECF 82.

On November 9, 2021, this Court heard oral arguments from the parties regarding their November submissions, Defendants' state of financial affairs, and the contempt relief sought. Defendant Brazie stated that Defendants could pay one hundred thousand dollars and no cents ($100,000.00) to the Secretary of Labor towards the October 2018 Consent Judgement within thirty (30) days after this Court issued an order to that effect.

For GOOD CAUSE SHOWN, this Court ORDERS the following:

1.   Defendants Senvoy, LLC, Drivers Resources, LLC, ZoAn Management, Inc., and Gerald E. Brazie, Jr. ("Defendants") will pay the Secretary one hundred thousand dollars ($100,000.00) and no cents within thirty (30) calendar days of this Order.

2.   Defendants will pay the Secretary another one hundred thousand dollars ($100,000.00) and no cents not later than 1:00 p.m. PST on Thursday, December 30, 2021.

3.   Starting on January 28, 2022, and on the 28th day of the month thereafter, Defendants will pay the Secretary fifteen thousand dollars ($15,000.00) each month until this Court issues a subsequent order.

4.   Defendants will be jointly and severally liable for making these payments.

5.   All of the aforementioned payments will be by a certified or cashier's check made payable to the order of the "Wage and Hour Div., Labor" and delivered in person by Defendants to Wage and Hour Division, United States Department of Labor, Attn: Carrie

Aguilar, 620 SW Main Street, room number 423, Portland, Oregon, 97205 by 2:00 p.m. on the dates that the payments are due.

6.    Defendants shall produce to the Secretary's counsel on or before August 15, 2022, all of their financials and the financials for all of the companies that Defendant Gerald E. Brazie, Jr., owns ("Defendant Brazie's companies"). This production shall include, for each Defendant/company as applicable: balance sheets; profit and loss statements; general ledgers as of June 30, 2022; credit card, bank and Northwestern Mutual Life insurance statements issued from January 1, 2022, to July 31, 2022; the most recent property tax evaluations for any real property that they own; documents showing the debts that they owe as of July 31, 2022: for real property, vehicles, life insurance, taxes, including, but not limited to, Sunstone Business Finance, Umpqua Bank, Compass Group, LLC, Point West Credit Union, Bryan Ludwick, State of Oregon, the Internal Revenue Service; documents showing the value of any real property and/or vehicles owned by them; documents showing the sale or acquisition of any assets by them that occurred from January 1, 2022, to and including July 31, 2022, for any asset whose value was greater than four thousand dollars ($4,000.00) at the time it was acquired or sold; federal or state income tax filings filed by them for tax years 2019, through and including, 2021; all of the documents (e.g., applications, financial statements, promissory notes, modifications, loan agreements), for any new loans or modifications of existing loans that they applied for, and/or received in 2022; the legal description of any real property owned by them.

7.    Plaintiff shall conduct a judgment debtor examination of Defendant Brazie in Oregon in September 2022 prior to September 17, 2022, on a date agreed to by the parties for Defendants and Defendant Brazie's companies.

8.    Defendants Senvoy, LLC and ZoAn Management, Inc. shall be enjoined from making any shareholder distributions to Defendant Gerald E. Brazie, Jr., paying him any wages, paying any bills for him or any of his family members to include his wife and children and/or making payments on their behalf either directly and/or indirectly until the two

$100,000.00 payments in 2021 to the Secretary are received and successfully cashed by the Secretary.  Defendants Senvoy, LLC and ZoAn Management, Inc. are enjoined from making these shareholder distributions and/or payments either directly to Defendant Gerald E. Brazie, Jr., his wife, and children and/or indirectly to them and/or on their behalf through his other companies (including, but not limited to, TKM Land LLC and TKM Investment Properties LLC), his relatives including his wife and children and/or other third parties. The Secretary will provide notice to both the Court and Defendant Gerald E. Brazie, Jr. after both $100,000.00 payments have been successfully cashed.

9.      Defendant Gerald E. Brazie, Jr., his wife and his children shall be enjoined from using any assets of Defendants Senvoy, LLC and/or ZoAn Management, Inc., to include vehicles, until the two $100,000.00 payments in 2021 to the Secretary are received and successfully cashed by the Secretary. The one exception is that Defendant Gerald E. Brazie, Jr.'s wife and daughter may continue to drive the Senvoy 2016 Ford Expedition that is currently located in Tennessee. The Secretary will provide notice to both the Court and Defendant Gerald E. Brazie, Jr. after both $100,000.00 payments have been successfully cashed.

10.     Defendants Senvoy, LLC and ZoAn Management, Inc. shall be enjoined from making any shareholder distributions to Defendant Gerald E. Brazie, Jr., paying him any wages, paying any bills for him and/or any of his family members to include his wife and children, and/or making payments on their behalf either directly and/or indirectly if Defendants do not make any of the subsequent $15,000.00 monthly on time. This enjoining will be effective upon the Secretary filing notice with the Court that Defendants failed to make a payment on the required due date.  Defendants Senvoy, LLC and ZoAn Management, Inc. are enjoined from making these shareholder distributions and/or payments either directly to Defendant Gerald E. Brazie, Jr., his wife, and children and/or indirectly to them and/or on their behalf through his other companies (including, but not limited to, TKM Land LLC and TKM Investment Properties LLC), his relatives including his wife and children and/or other third parties.

11.    Should Defendants Senvoy, LLC and ZoAn Management, Inc. make any shareholder distributions to Defendant Gerald E. Brazie, Jr., pay him any wages, pay any bills for him and/or any of his family members to include his wife and children and/or make payments on their behalf either directly and/or indirectly from November 9, 2021, until the time the Secretary provides notice to both the Court and Defendant Gerald E. Brazie, Jr. of Defendants' two $100,000.00 payments in 2021 to the Secretary being successfully cashed, such distributions or payments shall be null and void and Defendant Gerald E. Brazie, Jr. shall either return to Defendants Senvoy, LLC and ZoAn Management, Inc. any such shareholder distributions and/or payments and/or reimburse them for such shareholder distributions and payments within five (5) calendar days of this Court's order. These distributions and/or payments include those made directly to Defendant Gerald E. Brazie, Jr., his wife, and children and/or indirectly to them and/or on their behalf through his other companies (including, but not limited to, TKM Land LLC and TKM Investment Properties LLC), his relatives including his wife and children and/or other third parties.

12.    To monitor whether Defendants Senvoy, LLC and ZoAn Management, Inc. made any shareholder distributions to Defendant Gerald E. Brazie, Jr., paid him any wages, paid any bills for him and/or any of his family members to include his wife and children and/or made payments on their behalf either directly and/or indirectly in contravention of the Court's order, Defendants shall produce to the Secretary's counsel the general ledgers for Senvoy, LLC, ZoAn Management, Inc., TKM Land LLC and TKM Investment properties LLC for 2021 and all of their and Defendant Brazie's November and December 2021 bank account statements on January 21, 2022. Additionally, should Defendants fail to make any of the $15,000.00 payments either at all or fail to make them timely, then Defendants shall produce to the Secretary's counsel the general ledgers and all of their bank account statements for Senvoy, LLC, ZoAn Management, Inc., TKM Land LLC, and TKM Investment properties LLC for 2022 and all of the bank account statements for Defendant Gerald E. Brazie, Jr., from January 1, 2022, to the end of the

month of the last month that Defendants made a timely $15,000.00 payment. These documents shall be produced within fifteen (15) calendar days of the Secretary filing notice to the Court of a missed or late payment.

13.    During the periods of time that Defendants Senvoy, LLC and ZoAn Management, Inc. shall be enjoined from making any shareholder distributions to Defendant Gerald E. Brazie, Jr., paying him any wages, paying any bills for him and/or any of his family members to include his wife and children and/or making payments on their behalf either directly and/or indirectly, Defendant Gerald E. Brazie, Jr., shall conduct a *diligent* review, on a *daily* basis, of all of the shareholder distribution(s) and payment(s) made by Defendants Senvoy, LLC and ZoAn Management, Inc. on that day to ensure that they are not violating this Court's Order. Should Defendant Gerald E. Brazie, Jr., find during his diligent review that Defendants Senvoy, LLC and ZoAn Management, Inc. made shareholder distributions and/or payments contrary to this Order, he shall either return them to Defendants Senvoy, LLC and ZoAn Management, Inc. any such shareholder distributions and payments and/or reimburse them for such shareholder distributions and payments within five (5) calendar days of said shareholder distributionsand/or payments. Additionally, should Defendant Gerald E. Brazie, Jr., find that Defendants Senvoy, LLC and ZoAn Management, Inc. made shareholder distributions and/or payments contrary to this Order, he shall inform the Secretary's counsel in writing of who made these distributions/payments in contravention of this Court's Order, the date each was made, who each one was paid to and the amount of each distribution/payment not later than five (5) calendar days of finding that they were made.

14.    The contempt hearing will be continued to October 11, 2022, at 11:30 a.m. PDT in Portland Courtroom 15A to reevaluate Defendants' financial situation and issue orders accordingly.

15.    Because of Defendants' previous violations of this Court's orders and as stressed at the November 9, 2021, hearing, this Court warns Defendants that it will consider incarceration as a remedy should any of them be found to have violated this Order.

IT IS SO ORDERED.


DATED:___November 16, 2021_____.


_____
MARCO A. HERNÁNDEZ
United States District Judge




Submitted by:

Dated:  November 15, 2021

SEEMA NANDA
Solicitor of Labor

SUSAN GILLETT KUMLI
Acting Regional Solicitor

  _/s Norman E. Garcia_____
NORMAN E. GARCIA
Senior Trial Attorney
CSB:  215626
Telephone #:  (415) 625-7747
Attorneys for Plaintiff
the Secretary of Labor

Approved as to form:

  _/s/ Charles J. Paternoster_____
CHARLES J. PATERNOSTER

Attorney for Defendants