UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                Plaintiff,<br><br>       v.<br><br>SENVOY, LLC; DRIVER RESOURCES, LLC; ZOAN MANAGEMENT, INC.; and GERALD E. BRAZIE, JR.,<br><br>                Defendants. | Case No. 3:16-cv-2293-HZ<br><br>**ORDER LIFTING STAY OF CONTEMPT PROCEEDINGS AND ORDERING DEFENDANT TO SHOW CAUSE** |

This matter came before the Court on the request of the Secretary of Labor, United States Secretary of Labor ("the Secretary") to lift the stay on the contempt proceeding for Senvoy, LLC ("Senvoy") issued on February 2, 2022. The Secretary had previously filed a Petition for Contempt on January 13, 2022, against all of Defendants for violating this Court's November 16, 2021, Contempt Order ("Contempt Order") for not making any of the two $100,000.00 payments required in December 2021. Prior to the February 2, 2022, the Secretary notified this Court that none of the Defendants had

provided their general ledgers and bank statements required by the Contempt Order for the Secretary to evaluate whether the companies of Gerald E. Brazie, Jr. ("Brazie") paid his personal bills or made shareholders' contributions to him in violation of the Contempt Order.

Given that Brazie stated that he would file for bankruptcy by February 4, 2022, and Senvoy's counsel stated that Senvoy was being liquidated, this Court imposed a stay on the contempt proceedings. The Secretary has notified the Court that in Brazie's 341 Creditor's Meeting run by the Office of the U.S. Trustee, Brazie stated that Senvoy is not being liquidated and that he has a letter of intent to buy Senvoy.

For GOOD CAUSE SHOWN, this Court is lifting the stay of these contempt proceedings as to Defendant Senvoy and enjoining Senvoy from transferring or using the proceeds of its sale in any matter until further notice.

Further Defendant Senvoy should show cause why the Court should not issue an order:

1) Finding Defendant Senvoy in civil contempt for violating the Court's November 16, 2021, Contempt Order;

2) Requiring Senvoy to purge itself of contempt by paying the Secretary all of the proceeds from its sale in part payment of the $3,200,000.00 in back wages, liquidated damages, and civil money penalties owed under the October 2018 Consent Judgment;

3) Requiring Senvoy to purge itself of contempt by paying the Secretary all of the monies currently due ($230,000.00) and counting ($15,000.00 per month on the 28th of the month) under the Contempt Order if the Secretary does not receive the proceeds of Senvoy's sale by April 15, 2022, and/or these proceeds are less than $230,000.00

4) Granting other equitable and further relief as appropriate.

ORDERED, ADJUDGED, AND DECREED that at 3:00 p.m. on March 29, 2022, in courtroom 15A, at the United States Courthouse, 1000 S.W. Third Ave, Portland, Oregon 97204 or by video conference, Defendant Senvoy shall appear and show cause, if there be any, why an order shall not issue; and it is further

ORDERED, ADJUDGED, AND DECREED that not later than close of business on March 24, 2022, Defendant Senvoy shall file its response to the Secretary's Petition for an Order to Show Cause Why Senvoy Should Not Be Held In Contempt.

It is FURTHER, ORDERED that,

This Order may be served on Defendant Senvoy by Wage Hour Investigators.

IT IS SO ORDERED,

Dated this __17__ day of ____March____, 2022.

*Marco Hernández*
The Hon. Marco A. Hernández
UNITED STATES DISTRICT JUDGE