UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                Plaintiff,<br><br>      v.<br><br>SENVOY, LLC; DRIVER RESOURCES,<br>LLC; ZOAN MANAGEMENT, INC.; and<br>GERALD E. BRAZIE, JR.,<br><br>                Defendants. | Case No. 3:16-cv-2293-HZ<br><br>**ORDER GRANTING MOTION TO INTERVENE AND REQUIRING PRODUCTION BY SENVOY AND ZOAN** |

      On March 14, 2022, the Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary") filed a motion to lift the stay from his Contempt Petition filed on January 13, 2022, and to Order Senvoy, LLC ("Senvoy") to pay it the proceeds from its impending sale.

      On March 17, 2022, this Court issued an Order lifting the staying and an Order to Show Cause ("OSC") to Senvoy as to why the relief requested in the Secretary's motion should not be granted.

      On March 22, 2022, Umpqua Bank ("Umpqua") filed a Motion to Intervene in this matter under Rule 24 of the Federal Rules of Civil Procedure and a response to the OSC.

      On March 25, 2022, the Secretary filed an Opposition to the Motion to Intervene to which Umpqua filed a reply on March 28, 2022.

      On March 29, 2022, Senvoy filed its response to the OSC.

      On March 29, 2022, this Court held a hearing on the Secretary's and Umpqua's Motions. In attendance were counsel for the Secretary, Umpqua, and Senvoy as well as the Senvoy and Secretary clients.

Based upon the Court's review of the filed papers and counsel's representations at the hearing, For GOOD CAUSE SHOWN, this Court ORDERS the following:

1. Umpqua's Motion to Intervene is GRANTED.

2. Any monies that Senvoy receives from any sale and / or liquidation will be deposited with this Court.

3. Senvoy shall thoroughly and diligently review each and every one of its financial documents (e.g., general ledgers, bills/invoices, statements (bank, credit card), payments to include loan payments, receipts, payments by third parties, deposits, withdrawals, transfers, etc.) to identify any and all financial transactions (e.g., loans, deposits, receipts, payments, transfers, distributions, contributions, etc.) that it was involved in that also involved ZoAn Management, Inc. ("ZoAn") and / or Gerald E. Brazie, Jr. ("Brazie") because these financial transactions were with ZoAn and / or Brazie and /or these financial transactions were made on their behalf (e.g., paying Brazie's and / or his families loans, bills, credit card charges; paying credit cards that Brazie and / or his family made purchases, purchasing items for Brazie and / or his family) from November 9, 2021, to February 3, 2022. Each and every credit card purchase made by Brazie and / or his family onto a credit card that Senvoy made payments is considered to be a separate financial transaction.

4. ZoAn shall likewise thoroughly and diligently review each and every one of its financial documents (e.g., general ledgers, bills/invoices, statements (bank, credit card), payments to include loan payments, receipts, payments by third parties, deposits, withdrawals, transfers, etc.) to identify any and all financial transactions (e.g., loans, deposits, receipts, payments, transfers, distributions, contributions, etc.) that it was involved in that also involved Senvoy and / or Brazie because these financial transactions were with Senvoy and / or Brazie and /or these financial transactions were made on their behalf (e.g., paying Brazie's and / or his families loans, bills, credit card charges; paying credit cards that Brazie and / or his family made purchases, purchasing items for Brazie and / or his family) from November 9, 2021, to February

3, 2022. Each and every credit card purchase made by Brazie and / or his family onto a credit card that ZoAn made payments is considered to be a separate financial transaction.

5. For each and every financial transaction that Senvoy identifies in response to Paragraph 3 of this Order, it shall identify the following information in separate columns, if applicable, in a spreadsheet that shall be produced to the Secretary's counsel, Norman Garcia: transaction date; reason for the transaction; transaction amount that Senvoy received; the transaction amount that Senvoy paid; the transaction amount that Brazie and / or his family charged on a credit card that Senvoy made payments for the credit card; the entity to which the transaction was made with; the entity that Brazie and / or his family made a purchase with when using a credit card; if applicable, on whose behalf the transaction was made; the amount that Brazie reimbursed Senvoy for the financial transaction, the date of Brazie's reimbursement.

6. For each and every financial transaction that ZoAn identifies in response to Paragraph 4 of this Order, it shall identify the following information in separate columns, if applicable, in a spreadsheet that shall be produced to the Secretary's counsel, Norman Garcia: transaction date; reason for the transaction; transaction amount that Senvoy received; the transaction amount that Senvoy paid; the transaction amount that Brazie and / or his family charged on a credit card that Senvoy made payments for the credit card; the entity to which the transaction was made with; the entity that Brazie and / or his family made a purchase with when using a credit card; if applicable, on whose behalf the transaction was made; the amount that Brazie reimbursed Senvoy for the financial transaction, the date of Brazie's reimbursement.

7. Senvoy and ZoAn shall produce the spreadsheets referenced in Paragraphs 5 and 6 of this Order to the Secretary's counsel within 21 calendar days of this Court's Order.

8. The general ledgers that Senvoy and ZoAn produced for January 2019 to January 2022 did not identify as the shareholder distributions all of the monies they provided to Brazie and / or his family when paying all of their personal bills during that time frame. As such, they will be corrected to show the payments that they made on behalf of Brazie and his family as shareholder distributions. Senvoy and ZoAn will produce general ledgers showing corrected

shareholder distributions to the Secretary's counsel within 28 calendar days of this Order.

IT IS SO ORDERED

Dated:   April 9, 2022

                                                  *Marco Hernandez*
                                                  MARCO A. HERNANDEZ
                                                  District Court Judge

Submitted by:

Dated:  April 4, 2022

SEEMA NANDA
Solicitor of Labor

MAR PILOTIN
Regional Solicitor

  */s/ Norman E. Garcia*
NORMAN E. GARCIA
Senior Trial Attorney
CSB:  215626
Telephone #:  (415) 625-7747

Attorneys for Plaintiff
the Secretary of Labor


Approved as to form:

Dated:  April 4, 2022


  */s/ Charles J Paternoster*
CHARLES J. PATERNOSTER

Attorney for ZoAn Management, Inc.

Dated: April 4, 2022

  */s/ Nicolas Henderson*
NICOLAS HENDERSON

Attorney for Senvoy, LLC.

Dated: April 4, 2022

  */s/ Lee Nusich*
LEE NUSICH

Attorney for Umpqua Bank.